Eroy O. Williams v. Commissioner.
Williams v. Commissioner
Docket No. 34377.
United States Tax Court
1952 Tax Ct. Memo LEXIS 143; 11 T.C.M. (CCH) 729; T.C.M. (RIA) 52218; July 3, 1952
*143 William Conway, Esq., 601 Massey Bldg., Birmingham, Ala., for the petitioner. Frederick T. Carney, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion A deficiency of $299 in income tax for the calendar year 1948 has been determined. Petitioner contests the respondent's action in disallowing his wife and two stepchildren as dependents. The case was submitted on a stipulation of facts and oral testimony. Findings of Fact Evelyn Naugher married J. H. Whitworth and by this marriage had a son, Jesse H. Whitworth, Jr., and a daughter, Margaret Whitworth. This marriage was terminated by divorce prior to 1948. Eroy O. Williams and Evelyn Naugher Whitworth were married on April 3, 1948. At the time of the marriage Evelyn Naugher Whitworth Williams and her children were living in the home of her father, Henry Naugher. After the marriage Eroy Williams moved into the home of Henry Naugher and lived there with his (Eroy's) family for the remainder of 1948, except for two or three months while they were estranged. Eroy Williams and Evelyn N. W. Williams were divorced in 1949. Evelyn Naugher Whitworth Williams and J. H. Whitworth are now *144 deceased. J. H. Whitworth filed his individual income tax return for 1948 with the collector of internal revenue for the district of Alabama, on March 15, 1949, and claimed as dependents Margaret Ann Whitworth, daughter, and Jesse Hammond Whitworth, Jr., son. Henry and Lila Naugher filed their joint income tax return for 1948 with the collector of internal revenue for the district of Alabama, on February 21, 1949, and claimed as dependents Evelyn Naugher (Williams), daughter; Jackie Whitworth, grandson; and Ann Whitworth, granddaughter. They provided shelter for the dependents listed and some money for their support. Eroy Olive Williams filed his individual income tax return for 1948 with the collector of internal revenue for the district of Alabama, on January 26, 1949, and claimed as dependents Evelyn Williams, wife; Jesse H. Whitworth, stepson; and Margaret Whitworth, stepdaughter. Respondent subsequently disallowed the claimed dependents and found a deficiency in the amount of $299, whereupon petitioner filed an appeal for a redetermination of his tax liability. Henry Naugher owned a six-room house at 3313 Avenue I, Birmingham, Alabama, which was worth about $7,500 in *145 1948. Evelyn kept house for her father and children, and he furnished their entire support from January 1, to April 3, 1948. Naugher remarried in May, 1948, and brought his wife to the house. Mrs. Naugher worked in a downtown department store while Evelyn continued to keep house and do most of the cooking and shopping for the household. She had no income other than from her husband and father. Naugher gave her money for groceries and other household expenses at about the same rate as before she married petitioner. On one or more occasions petitioner, through his wife, paid part of the grocery bill. After Evelyn married petitioner, they had the exclusive use of two bedrooms for themselves and the children and had the run of the rest of the house, except for one room. Petitioner paid no rent for these quarters and made no financial arrangements with Naugher for household expenses, but he did give his wife a weekly allowance. Not long after petitioner married Evelyn, Naugher asked him whether or not he should continue to claim the children as dependents for tax withholding purposes, and petitioner stated that he did not marry the children and that Naugher could support them and *146 claim them as dependents. Petitioner did not keep any record of his expenditures and neither did Naugher. During the taxable year 1948 petitioner furnished more than one-half of the support of his wife, Evelyn, but did not furnish during that year more than one-half of the support of the two children. Opinion ARUNDELL, Judge: At the conclusion of the hearing in this case, heard at Birmingham, Alabama, on March 19, 1952, the Court, after careful consideration of the stipulated facts and the oral testimony, found as a fact that petitioner did in 1948 furnish more than one-half of the support of his wife, Evelyn, but did not furnish more than one-half of the support of the two children. While neither petitioner nor Naugher kept records of their expenditures it is undisputed that Naugher did, during the first quarter of the year 1948, furnish the entire support of Evelyn and the two children, and he also furnished living quarters for petitioner and his wife and the two children in his home during the entire year of 1948. Naugher further provided money for the purchase of groceries and other incidentals during the entire year. We think the record fully justifies the conclusion reached. *147 Decision will be entered under Rule 50.